**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**KENNETH J. IVEY,**

                      **Plaintiff,**

    vs.                                         **7:13-CV-00917**
                                              **(MAD/TWD)**

**UNITED STATES DEPARTMENT
OF JUSTICE EXECUTIVE OFFICE
FOR UNITED STATES ATTORNEYS,**

                      **Defendant.**
_____

**APPEARANCES:**                          **OF COUNSEL:**

**KENNETH J. IVEY
12R1817**
Watertown Correctional Facility
Post Office Box 168
Watertown, New York 13601
Plaintiff *pro se*

**OFFICE OF THE UNITED**           **WILLIAM F. LARKIN, AUSA**
**STATES ATTORNEY**
100 South Clinton Street
Post Office Box 7198
Syracuse, New York 13261-7198
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

    Plaintiff *pro se* Kenneth J. Ivey (hereinafter "Plaintiff"), an inmate currently in the custody

of the New York State Department of Corrections and Community Supervision ("DOCCS"),

brings this action pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (2006),

amended by the OPEN Government Act of 2007, Pub. L. No. 110-175, 121 Stat. 2524, seeking

records from the Executive Office for United States Attorneys ("EOUSA"), a component of the United States Department of Justice. *See* Dkt. No. 1.

Presently pending is Defendant's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure seeking dismissal of Plaintiff's claim. *See* Dkt. No. 33.

## II. BACKGROUND

On May 8, 2013, Plaintiff filed a FOIA request seeking "disclosure of all criminal bonds, bonding, or otherwise . . . ." Dkt. No. 35 at 18. Randy Wilson, an employee of the U.S. Department of Justice ("DOJ"), sent Plaintiff a letter on May 31, 2013, informing him that his FOIA request had been referred to the DOJ office "most likely to have the records." *Id.* at 22. However, Plaintiff received no further correspondence from the DOJ regarding his initial FOIA request.

On June 28, 2013, Plaintiff filed an administrative appeal because he had not received further response to his May 8, 2013 request from the EOUSA. Dkt. No. 33-4 at 10. The Office of Information Policy ("OIP") informed Plaintiff in a letter dated August 8, 2013, that they received Plaintiff's administrative appeal on July 18, 2013. *Id.* at 11. Subsequently, OIP responded to Plaintiff's appeal on September 18, 2013, informing him that "EOUSA ha[d] no record of having received a FOIA request from [Plaintiff] . . . ." *Id.* at 14. However, since Plaintiff included a copy of his request with the appeal, EOUSA opened a new FOIA request, and OIP informed Plaintiff that further inquiries about the request should be directed to EOUSA. *Id.* OIP also informed Plaintiff that his administrative appeal could not be processed because there had not "been an adverse determination" to his original request. *Id.*

As a result of OIP's referral of Plaintiff's initial request, on September 4, 2013, EOUSA

informed Plaintiff that he "must provide a notarized example of his[] signature or a certification of identity under penalty of perjury[,]" and that he must specify the U.S. Attorney's Office where he believed his requested records would be held. *Id.* at 12. On September 14, 2013, Plaintiff submitted a new FOIA request, which included a certificate of identity and his specification that responsive records were located in the Southern District of New York. *Id.* at 15. Plaintiff's request was received on September 30, 2013. *Id.*

On April 14, 2014, EOUSA informed Plaintiff that "[a] search for records located in . . . the Northen District of New York . . . revealed no responsive records regarding the above subject." *Id.* at 20. However, Plaintiff disputes that he received this final determination from EOUSA. Dkt. No. 35 at 11.

On August 1, 2013, before receiving a final determination from EOUSA, Plaintiff filed an action under 5 U.S.C. § 552. *See* Dkt. No. 1. He asks that this Court find EOUSA acted unlawfully by failing to respond to Plaintiff's FOIA request within the twenty day time frame. Dkt. No. 1 at 1.

Following EOUSA's final determination in April, Dkt. No. 33-4 at 20, Defendant submitted the motion for summary judgment currently before this Court. *See* Dkt. No. 33. Defendant supports its motion with declarations from Attorney Advisor David Lucyznski (hereinafter "Luczynski") with EOUSA, and Bernadette Markowski (hereinafter "Markowski"), a Legal Assistant for the United States Attorney's Office for the Northern District of New York ("NDNY"). Dkt. No. 33-4 at 1-6; Dkt. No. 33-5 at 1-3. Defendant claims that these declarations show that "EOUSA conducted a more than adequate search" for responsive records, which do not exist, and therefore Defendant is entitled to judgment as a matter of law. Dkt. No. 33-1 at 2.

Plaintiff's response in opposition to Defendant's motion argues that Defendant misstated

Plaintiff's initial complaint. Dkt. No. 35 at 4. Plaintiff argues that the primary basis of his claim is Defendant's "fail[ure] to comply with the statutory provisional requirements of time[liness] set forth in 5 U.S.C. § 552(a)(6)(A) . . . ." *Id.* at 8. Plaintiff also argues that Defendant violated 5 U.S.C. § 552(a)(7)(A), and violated Plaintiff's procedural due process rights by refusing to process his administrative appeal. *Id.*

### III. DISCUSSION

**A.  Standard of Review**

A court may grant a motion for summary judgment only if it determines that there is no genuine issue of material fact to be tried and that the facts as to which there is no such issue warrant judgment for the movant as a matter of law. *See Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 36 (2d Cir. 1994) (citations omitted). When analyzing a summary judgment motion, the court "cannot try issues of fact; it can only determine whether there are issues to be tried." *Id.* at 36-37 (quotation and other citation omitted). Moreover, it is well-settled that a party opposing a motion for summary judgment may not simply rely on the assertions in its pleading. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quoting Fed. R. Civ. P. 56(c), (e)).

In assessing the record to determine whether any such issues of material fact exist, the court is required to resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party. *See Chambers*, 43 F.3d at 36 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 2513-14, 91 L. Ed. 2d 202 (1986)) (other citations omitted). Where the non-movant either does not respond to the motion or fails to dispute the movant's statement of material facts, the court may not rely solely on the moving party's Rule 56.1 statement; rather, the court must be satisfied that the citations to evidence in the record support the movant's assertions.

*See Giannullo v. City of N.Y.*, 322 F.3d 139, 143 n.5 (2d Cir. 2003) (holding that not verifying in the record the assertions in the motion for summary judgment "would derogate the truth-finding functions of the judicial process by substituting convenience for facts").

**B.     FOIA**

"Summary judgment is the procedural vehicle by which most FOIA actions are resolved." *Jones–Edwards v. Appeal Bd. of NSA*, 352 F. Supp. 2d 420, 423 (S.D.N.Y. 2005). For an agency to prevail on a summary judgment motion in a FOIA case, it "must demonstrate that each document that falls within the class requested either has been produced, is unidentifiable, or is wholly exempt from the Act's inspection requirements." *Ruotolo v. Dep't of Justice, Tax Div.*, 53 F.3d 4, 9 (2d Cir. 1995). The government has "the burden of showing that its search was adequate and that any withheld documents fall within an exemption to the FOIA." *Carney v. United States Dep't of Justice*, 19 F.3d 807, 812 (2d Cir. 1993). Further, an agency may show it's search was adequate "by providing 'a reasonably detailed affidavit, setting forth the search terms and type of search performed, and averring that all files likely to contain responsive materials . . . were searched.'" *Roman v. Dep't of Air Force*, 952 F. Supp. 2d 166, 171 (D.D.C. 2013) (quoting *Iturralde v. Comptroller of the Currency*, 315 F.3d 311, 313-14 (D.C. Cir. 2003)).

Affidavits submitted by an agency are presumed to have been made in good faith. *Carney*, 19 F.3d at 812. If the agency's submissions are facially adequate, summary judgment is warranted unless the plaintiff can make a showing of bad faith on the part of the agency or present evidence that the exemptions claimed by the agency should not apply. *Id.*; *see also Grand Cent. P'ship v. Cuomo*, 166 F.3d 473, 478 (2d Cir. 1999) (noting that district court may grant summary judgment to an agency based on affidavits which contain "reasonable specificity of detail" if there

5

is no evidence of bad faith). This presumption of good faith "cannot be rebutted by purely speculative claims about the existence and discoverability of other documents." *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C.Cir. 1991). Speculation that other documents exist, without more, "does not undermine the finding that the agency conducted a reasonable search." *SafeCard*, 926 F.2d at 120.

### *1. Timeliness of Defendant's response*

The remedy available to a plaintiff under FOIA is limited to "access to the documents to which []he is entitled under the law" whether the search is completed before or after a requestor files a lawsuit. *Hainey v. U.S. Dep't of Interior*, 925 F. Supp. 2d 34, 42 (D.D.C. 2013) (citation omitted). Further, an agencies "untimely responses, in and of themselves, do not entitle [a plaintiff] to judgment in [his] favor." *Id.*

Plaintiff claims his "primary . . . objective . . . for this action was . . . that the defendant failed to comply with the statutory provisional requirements of tim[liness] set forth in 5 U.S.C. § 552(a)(6)(A)." Dkt. No. 35 at 8. Defendant included a copy of the final determination which was alleged to have been sent to Plaintiff in the motion for summary judgment. Dkt. No. 33-4 at 20. Since Plaintiff responded to Defendant's motion, it can be inferred that Plaintiff now has notice of the final determination regarding his FOIA request. Therefore, whether Plaintiff received the notice of final determination in April, 2014, is not material to the outcome of this proceeding. Due to Plaintiff's receipt of EOUSA's final determination regarding his FOIA request, "the only issue for the Court to consider at this point is whether [EOUSA's] response complies with its obligations under FOIA." *Hainey*, 925 F. Supp. 2d at 42.

*2. Adequacy of affidavits*

Plaintiff argues that Defendant did not conduct an adequate search, because the Luczynski affidavit includes Luczynki's belief that "plaintiff is convinced that the United States government sells federal inmates as commodities on the stock market." Dkt. No. 35 at 7; Dkt. No. 33-4 at 5. To prove an adequate search was performed, agency affidavits must show "'the search was reasonably calculated to discover the requested documents . . . .'" *Mancuso v. U.S. E.P.A.*, No. 5:12-CV-1027, 2014 WL 4715643, *4 (N.D.N.Y. Sept. 22, 2014) (citation omitted).

The Markowski affidavit sets out that searches of Plaintiff's name in both the LIONS system and the National Electronic Case Filing System ("ECF") were performed, but produced no responsive record. Dkt. No. 33-5 at 2. The affidavit also includes the search terms Markowski entered to find responsive records.[1] This affidavit is sufficient to prove that the search was adequate, because it set out the type of search, terms used, and "averred that all files likely to contain responsive materials . . . were searched." *Roman*, 952 F. Supp. 2d at 171. Since the search did not require any mention of "bonding information," Lucyznski's belief in Plaintiff's purpose did not change the parameters of the search performed by Markowski. Accordingly, this belief in Plaintiff's purpose does not negate the "reasonably calculated" nature or adequacy of the search performed by the NDNY. *Mancuso*, 2014 WL 4715643 at *4. Therefore, Defendant's affidavits prove that the search performed in response to Plaintiff's FOIA request was adequate.

*3. Rebuttal of good faith presumption*

The plaintiff has the burden to rebut the presumption of good faith accorded the

---

[1] The search terms entered were "'Ivey,' 'Ivy,' 'Kenneth Ivey', and 'K Ivey' . . . ." Dkt. No. 33-5 at 2. Markowski states "[u]sing these individual terms would provide a return for any case that had the term somewhere in its title. The searches revealed no responsive records." *Id.*

7

defendant's affidavits. *Carney*, 19 F.3d at 812. However, it does not appear that any reading of Plaintiff's response in opposition can be construed to allege Defendant's acted in bad faith. Although Defendant mistakenly searched the NDNY, the Lucyznski declaration makes clear that the problem was remedied upon discovery. Dkt. No. 33-4 at 4. Plaintiff's request was referred to the Southern District of New York ("SDNY") despite the minute possibility that the records Plaintiff seeks actually exist in any Federal District.[2] *Id.* Luczynski explained that the mistake could be due to an "incorrect interpretation[,]" or because the request was forwarded to the NDNY due to Plaintiff's pending complaint in this District. *See id.* Further, Luczynski's belief in Plaintiff's motive for the search did not effect his actions in regard to the request, which this Court discussed in the preceding section. It is clear that despite his doubts about the existence of Plaintiff's requested records, Lucyznski conducted an adequate search and did not act in bad faith. *Id.* at 8.

Based on the foregoing, the Court grants Defendant's motion for summary judgment as to Plaintiff's FOIA request.

**C.      5 U.S.C. § 552(a)(7)(A)**

Plaintiff claims Defendant did not comply with 5 U.S.C. § 552(a)(7)(A). Dkt. No. 35 at 8. However, he does not provide any support for this statement within his submission.

Under FOIA, each agency shall "establish a system to assign an individualized tracking number for each request received that will take longer than ten days to process and provide to each person making a request the tracking number assigned to the request . . . ." 5 U.S.C. §

---

[2] The Markowski declaration also stated that "Mr. Ivey has not . . . as of April 11, 2014, [been] prosecuted federally in the Northern District of New York *or any federal district in the Second Circuit*." Dkt. No. 33-5 at 2 (emphasis added).

552(a)(7)(A) (2014)**.**

Plaintiff was assigned an individualized tracking number once EOUSA received his FOIA request, which he does not dispute. *See* Dkt. No. 33-4 at 14; Dkt. No. 35 at 10. Since Defendant did in fact assign Plaintiff an individualized tracking number, Defendant did not violate 5 U.S.C. § 552(a)(7)(A).

Based on the foregoing, the Court holds that Defendant did not violate 5 U.S.C. § 552(a)(7)(A), and accordingly Plaintiff's motion is denied.

**D.     Denial of due process**

Plaintiff claims that Defendant violated his procedural due process rights because his administrative appeal to OIP was denied. Dkt. No. 35 at 8. Plaintiff cites 28 C.F.R. § 16.9, which gives a requestor the right to appeal an adverse determination to OIP. 28 C.F.R. § 16.9(a) (2015). EOUSA is the only Defendant in this lawsuit. *See* Dkt. No. 1. Since OIP is not a named defendant, Plaintiff has failed to state a claim upon which relief can be granted. Therefore the Court dismisses Plaintiff's claim *sua sponte,* under Fed. R. Civ. P. 12(b)(6). Moreover, Plaintiff did not raise this issue in his complaint and he may not amend his complaint through a response to a motion for summary judgment.

**E.     Legal fees**

In his opposition to Defendant's motion for summary judgment, Plaintiff requests that this Court grant him "reimbursement for [his] financial legal responsibilities during the time of litigation and [his] court fee sati[s]fied in full by the Defendant." While Plaintiff does not support this claim in his opposition motion, he refers to 5 U.S.C. § 552(a)(4)(E) within his initial

complaint. Dkt. No. 1 at 4.

Under FOIA, "[t]he court may assess . . . litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E)(i). The section defines "substantially prevailed" as relief through "a judicial order, or an enforceable written agreement or consent decree; or a voluntary or unilateral change in position by the agency . . . ." 5 U.S.C. § 552(a)(4)(E)(ii)(I), (II).

The Court finds that Plaintiff has not substantially prevailed within the meaning the section, because all of his claims have been dismissed. Therefore, Plaintiff is not entitled to reimbursement for litigation expenses or court fees.

### IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendant's motion for summary judgment is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendant's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: February 6, 2015
Albany, New York

*Mae A. D'Agostino*
U.S. District Judge